JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9930 PA (PLAx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Esther Outten, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Lloyd Outten, Jr. and Esther Outten ("Defendants") on November 20, 2012. In its Complaint, plaintiff The Bank of New York Mellon (f/k/a The Bank of New York), as trustee for the certificate holders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-3 ("Plaintiff"), alleges a single state law claim for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of the existence of a federal question under 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. In their Notice of Removal, however, Defendants refer to the Fair Debt Collections Practices

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9930 PA (PLAx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Esther Outten, et al. | | |

Act, the Fair Credit Reporting Act, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Although the Notice of Removal could be construed as attempting to allege the existence of a federal question, Defendants do not contend that the unlawful detainer claim is a federal claim in disguise or is somehow preempted by federal law. Rather, Defendants seem to be citing to federal law in support of potential counterclaims. These allegations do not constitute a basis for removal. Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendants have failed to show that federal question jurisdiction exists.

For the foregoing reasons, Defendants have failed to meet their burden of showing that this Court can exercise jurisdiction over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Stanley Mosk Courthouse, Case No. 12U08082. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.